UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEBRINA I. JAMES,

       Plaintiff,

v.                                                              CASE NO. 3:10-cv-872-J-34JBT

COMMUNITY PHONEBOOK/VOLT
INFO. SCIENCES, INC.,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Claims Under the ADEA and Title VII or Alternatively to Compel Arbitration ("the Motion") (Doc. 9).[2] Plaintiff filed a response to the Motion.  (Doc. 11.)  For the reasons stated herein, the Court recommends that the Motion be granted in part and denied in part.

### I.  Introduction

This action arises out of Defendant's alleged employment discrimination against Plaintiff.  (*See* Docs. 1 & 5.)  In the First Amended Complaint, Plaintiff alleges three separate counts.  (Doc. 5.)  In Count I, Plaintiff alleges that Defendant discriminated

---

[1]  "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

[2]  Pursuant to the Court's Order of Referral, the undersigned shall prepare a report and recommendation "regarding an appropriate resolution of the Motion."  (Doc. 12.)

1

against her on the basis of her race.  (*Id.* at 3-4.)  In Count II, Plaintiff alleges that

Defendant subjected her to a hostile work environment in retaliation for Plaintiff filing

a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC").  (*Id.* at 4-6.)  In Count III, Plaintiff alleges that Defendant terminated her

employment in retaliation for Plaintiff filing the EEOC Charge of Discrimination.  (*Id.* at

6.)

     In the Motion, Defendant seeks dismissal of any claim brought by Plaintiff under

the Age Discrimination in Employment Act of 1967 ("the ADEA") on the ground that

Plaintiff failed to exhaust her administrative remedies.  (Doc. 9 at 5-6.)  Defendant also

seeks dismissal of any claim brought by Plaintiff under Title VII of the Civil Rights Act

of 1964 on the basis that any such claims are untimely.  (*Id.* at 6-7.)  Alternatively,

Defendant requests that the Court compel arbitration and either stay or dismiss the

case pending the outcome of arbitration. (*Id.* at 7-13.) Defendant also seeks attorney's

fees.  (*Id.* at 14.)

     In support of its request that the Court compel arbitration, Defendant has

attached to the Motion a copy of Judge Covington's Order in a previous case, which

appears to address the same arbitrability issue and the same parties as in the present

case. (*See* Doc. 9-4.)[3]  In that order, Judge Covington found that "the parties are bound

---

[3] In fact, it appears to address the exact same arbitration agreement presented in the present case.  (*Compare* Doc. 9 at 18 *with* Doc. 9-4 at 4.)

    The Court notes that Defendant argues that the doctrine of collateral estoppel applies.  (*See* Doc. 9 at 12-13.)  However, the Court need not decide this issue because the Court finds that (1) a valid written agreement to arbitrate exists; (2) an arbitrable issue exists; and (3) the right to arbitrate was not waived.  *Fla. Farm Bureau Ins. Cos. v. Pulte*

(continued...)

by the terms of the Arbitration Agreement . . . ." (*Id.*)  Further, she ordered that Plaintiff's claims be submitted to arbitration and that the case be stayed pending completion of arbitration.  (*Id.*)

In Plaintiff's Response to Defendant's Motion to Dismiss ("the Response") (Doc. 11), she opposes the dismissal of her claims.  However, "[p]ursuant to Rule 11, Fed.R.Civ.P., [Plaintiff's attorney] can advance no arguments to justify overruling [Judge Covington's order]." (*Id.* at 2.)  Thus, Plaintiff does not oppose the referral of this action to arbitration or the staying of this action pending the outcome of arbitration.

Upon consideration and in light of the lack of opposition to Defendant's request that the Court refer the case to arbitration and stay the case pending the outcome of arbitration, the undersigned recommends that the Motion be granted as to that request. The undersigned recommends that the parties be ordered to file a joint status report with this Court every ninety days until this matter is resolved.  The undersigned also recommends that Defendant's request that Plaintiff's claims be dismissed be denied.

II.    **Standard**

Section 2 of the Federal Arbitration Act ("the FAA") provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for

_____

(...continued)
*Home Corp.*, No. 8:04-cv-2357-T-EAJ, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005) (citations omitted).

the revocation of any contract." 9 U.S.C. § 2.  In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, the Supreme Court articulated the effect of this provision as follows:

> Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.  The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.

460 U.S. 1, 24 (1983).

> Section 3 of the FAA provides for the staying of any case referred to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

## III.   Analysis

"Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements."  *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (citation omitted).   "There are three factors courts consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived."  *Fla. Farm Bureau Ins. Cos.*, 2005 WL 1345779, at *3 (citations omitted).

In regard to whether a valid written arbitration agreement exists, "[t]he party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer 'some evidence' to substantiate the denial." *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993) (quoting *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992)).

It is undisputed that the parties agreed to arbitrate. (*See* Doc. 9 at 7-13; Doc. 11 at 2.) Defendant has attached to the Motion a copy of the parties' signed employment agreement, which includes an agreement to arbitrate. (*See* Doc. 9-2; Doc. 9-3.) That agreement provides in pertinent part:

> Any dispute, controversy or claim arising out of, involving, affecting or related to this Agreement, or breach of this Agreement, or arising out, involving, affecting or related in any way to Employee's employment or the termination of Employee's employment, including but not limited to disputes, controversies or claims arising out of or related to the actions of the Company's other employees, under Federal, State and/or local laws, shall be resolved by binding arbitration, pursuant to the Federal Arbitration Act, in accordance with the applicable rules of the American Arbitration Association in the state where Employee is or was last employed by the Company.

(Doc. 9-3.) Upon consideration of the above, the undersigned concludes that there is a valid written agreement to arbitrate.

As to the second factor, the Court finds that the issues presented in this case are arbitrable. Employment disputes are generally subject to compulsory arbitration. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005); *see also Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 700 (11th Cir. 1992) (holding that Title VII claims are subject to compulsory arbitration under the FAA). "Indeed, compulsory

arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment discrimination statutes." *Caley*, 428 F.3d at 1367 (citation omitted).

In the present case, Plaintiff has alleged three separate counts against her former employer: one employment discrimination count and two retaliation counts. (Doc. 5.)  Pursuant to the above law, these claims fall within the spectrum of issues subject to compulsory arbitration.  Plaintiff's claims also fall within the scope of claims subject to arbitration under the parties' signed arbitration agreement.  (Doc. 9-3.) Moreover, Plaintiff concedes that the issues presented are arbitrable.  (Doc. 11 at 2.) Accordingly, the undersigned concludes that the issues presented are arbitrable.

Finally, the Court will consider whether the right to arbitrate was waived.  "A party may be deemed to have waived its right to arbitrate a dispute 'when a party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (citation omitted).  "However, 'because federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.'"  *Id.* (citation omitted).

Plaintiff did not argue that Defendant waived its right to arbitrate.  To the contrary, Plaintiff concedes that her claims are due to be referred to arbitration.  (Doc. 11 at 2.)  Thus, the undersigned finds that Plaintiff did not satisfy her burden to establish waiver.  Accordingly, the case should be referred to arbitration and stayed pending the completion of arbitration.

6

In regard to Defendant's alternative arguments that Plaintiff's claims should be dismissed, the Motion is due to be denied.  While "[n]ot every motion to dismiss is inconsistent with the right to arbitration," *Hooper v. Advance Am., Cash Advance Ctrs. of Mo., Inc.*, 589 F.3d 917, 922 (8th Cir. 2009), the Court finds that the case should be referred to arbitration in its entirety, if at all.  Such is consistent with the purpose of the FAA: "'to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation.'"  *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (citation omitted).

Defendant also seeks an award of attorney's fees.  (Doc. 9 at 14.)  In support of its request, Defendant argues that any claim brought by Plaintiff under the ADEA is frivolous, and that "the Amended Complaint was filed in excess of 90 days of the EEOC Notice of Right to Sue."  (Doc. 9 at 14.)  These are some of the same arguments Defendant advances in support of its motion to dismiss.  Because this entire mater is properly subject to arbitration, the Court need not address the merits of either of these underlying issues argued by Defendant.  Accordingly, Defendant's request is due to be denied.

Therefore, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 9**) be **GRANTED** to the extent that Plaintiff's claims should be submitted to arbitration and the case should be stayed pursuant to 9 U.S.C. § 3.

2.      The Motion (**Doc. 9**) be **DENIED** with respect to Defendant's requests that

7

Plaintiff's claims be dismissed and for attorney's fees.

      3.     The case be **STAYED** pending notification by the parties that they have completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed.

      4.     The parties be **ORDERED** to file a joint status report with this Court every ninety (90) days until this matter is resolved.

      5.     The Clerk be **DIRECTED** to terminate all deadlines and motions, and stay the case.

      **DONE AND ENTERED** at Jacksonville, Florida, on June 7, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

8