**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SEBRINA I. JAMES,

      Plaintiff,

v.

Case. No. 3:10-cv-872-J-34JBT

COMMUNITY PHONEBOOK/VOLT INFO.
SCIENCES, INC.,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 13; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on June 7, 2011. In the Report, Magistrate Judge Toomey recommends that Defendant's "Motion to Dismiss Claims Under the ADEA and Title VII or Alternatively to Compel Arbitration" (Dkt. No. 9; Motion to Dismiss) be granted in part and denied in part. Defendant filed Defendant's Objections to Magistrate's Report and Recommendation (Dkt. No 14; Community Phonebook ("CPB") Objection) on June 14, 2011. Subsequently, on June 17, 2011, Plaintiff filed Plaintiff's Response to Defendant's Objection (Dkt. No. 15; James Response). Thus, this matter is ripe for the Court's consideration.

    **I.**    **Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific

objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

## II.   **Objections to the Report**

In the CPB Objection, Defendant asserts that Magistrate Judge Toomey's Report incorrectly "defers to an arbitrator whether this Court has subject matter jurisdiction over the ADEA and Title VII claims."  CPB Objection at 2.  In the Motion to Dismiss, Defendant argued that the ADEA claim should be dismissed because the Charge of Discrimination Plaintiff filed with the U.S. Equal Employment Opportunity Commission did not allege a violation of the ADEA. See Motion to Dismiss at 5-6.  Further, Defendant sought dismissal of the Title VII claim based upon its contention that the operable complaint was not filed within ninety days of Plaintiff's Notice of the Right to Sue. See id. at 6-7.  The Magistrate Judge did not address either of these arguments in the Report, instead determining that "the case should be referred to arbitration in its entirety. . . ." Report at 7. In the CPB Objection, Defendant argues that the magistrate judge erred in failing to address these issues because Plaintiff's failures deprive the Court of subject matter jurisdiction. See CPB Objection at 1-2.

Plaintiff filed a response to CPB's Objection asserting that "Defendant's Objection, as it relates to the Plaintiff's Title VII Claim, should be denied."  James Response at 1.

Plaintiff contends she did file her complaint within the ninety day filing deadline. See id. In reference to Defendant's request to dismiss the ADEA claim, Plaintiff states that she has "asserted no claims under the Age Discrimination [i]n Employment Act (ADEA) . . . [t]hus the Defendant's Objection, as it pertains to the ADEA, is moot."[1] Id.

### III.    Discussion

In CPB's Objection, Defendant raises, for the first time, the contention that the Court is without subject matter jurisdiction to consider Plaintiff's claims. Additionally, it argues, "[a] Federal Court, and not an arbitrator, who may not even be an attorney, should not delegate the authority to rule on federal subject matter jurisdiction questions." CPB Objection at 2. Remarkably, Defendant provides not a single citation of legal authority for its contentions. Equally if not more troubling is the fact that Defendant's underlying arguments regarding the lack of subject matter jurisdiction are plainly without merit.

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim, because by its calculation (a strained calculation at best), Plaintiff failed to file suit within 90 days of receipt of her Notice of Right to Sue.[2] See CPB Objection at 2; Motion at 6-7. Amongst the flaws inherent in this argument is the basic uncontrovertible principle that a plaintiff's failure to meet the filing requirements or other conditions precedent to

---

[1]     While Plaintiff admits that her First Amended Complaint references the ADEA, she states that she has not actually asserted any claims under the ADEA in the body of that complaint. Therefore, the Court need not address Defendant's argument that the ADEA claim be dismissed for lack of subject matter jurisdiction.

[2]     The Court notes that Plaintiff asserts that this allegation is "completely bewildering" as James claims to have filed her initial complaint within the ninety day deadline. See James Response at 1. However, the Court will not address the timeliness of James' filing. Rather, that question will be left to the arbitrator.

maintaining a Title VII action does not deprive the Court of subject matter jurisdiction. Jackson v. Seaboard Coast Line Railroad, Co., 678 F.2d 992, 1009-10 (11th Cir. 1982) ("[W]e hold that the conditions precedent to a Title VII action are not jurisdictional prerequisites which if not satisfied deprive federal courts of subject matter jurisdiction."). Indeed, as early as 1982, the Supreme Court explicitly recognized that the filing of a Title VII action within 90 days of receiving a right to sue letter was not a jurisdictional prerequisite but rather a requirement subject to waiver or tolling. See Zipes v. Transworld Airlines, Inc., 455 U.S. 385, (1982) (citing Mohasco Corp. v. Silver, 447 U.S. 807, 811 n.9 (1980)). Thus, the basic premise underlying Defendant's contention that the Court's subject matter jurisdiction is at issue in this action is without merit.[3] As such, the objections, lacking in merit and bordering on utterly frivolous, will be overruled.

Upon independent review of the file and for the reasons stated in this Order and the Report, the Court will adopt Magistrate Judge Toomey's Report. The Court is in full agreement with the Magistrate Judge's analysis of the Motion to Dismiss, and with his recommendation that the Motion to Dismiss is due to be granted in part and denied in part. Therefore, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

---

[3] As to the failure to file a charge of discrimination alleging a violation of the ADEA, the Court notes that this is similarly simply a condition precedent to filing suit, the failure of which does not impact the Court's subject matter jurisdiction.

In light of the forgoing, it is hereby **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 13) is **ADOPTED** as the opinion of the Court.

2. Defendant's Motion to Dismiss (Dkt. No. 9) is **GRANTED** to the extent that Plaintiff's claims should be submitted to arbitration and the case should be stayed pursuant to 9 U.S.C. § 3.

3. Defendant's Motion to Dismiss (Dkt. No. 9) is **DENIED** with respect to Defendant's requests that Plaintiff's claims be dismissed and for attorney's fees.

4. The case is **STAYED** pending notification by the parties that they have completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed.

5. The parties are **ORDERED** to file a joint status report with this Court every ninety (90) days until this matter is resolved.

6. The Clerk is **DIRECTED** to terminate all deadlines and motions and administratively close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of August, 2011.

MARCIA MORALES HOWARD
United States District Judge

i12

Copies to:

The Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of Record

Pro Se Parties